United States District Court
Southern District of Texas
**ENTERED**
September 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICARDO ENRIQUEZ SANCHEZ, § <br> TDCJ #1745089, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, et al., § <br> § <br> Defendants. § | CIVIL ACTION NO. H-16-2356 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Ricardo Enriquez Sanchez (TDCJ #1745089), has filed a complaint under 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

### I. Background

Sanchez is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at

the Jester III Unit.[1]  Sanchez has filed this lawsuit against the following defendants:  (1) TDCJ Director Lorie Davis, (2) Senior Warden James Jones, (3) Officer Pittman, (4) an unidentified medical provider at the Huntsville Unit, (5) Dr. R. Friedman, (6) Captain P. Choate, (7) an unidentified transportation officer from the Estelle Unit, and (8) an unidentified property officer at the Beto Unit.[2]

While incarcerated at the Huntsville Unit, Sanchez was assigned to work in the textile factory, where he was supervised by Officer Pittman.[3]  Sanchez claims that on April 1, 2016, Pittman forced him to perform work that he was not trained for or able to do.[4]  Sanchez fell and broke his leg and hand as a result.[5]  Thereafter, Sanchez alleges that he was denied proper medical attention, that he was roughly placed in an ambulance while being transported to another unit, and that certain items of his property were stolen.[6]

In the pending Complaint, which was executed on July 27, 2016, Sanchez seeks nominal, compensatory, and punitive damages.[7]  The

---

[1]Complaint, Docket Entry No. 1, p. 1.

[2]Id. at 3, 6.

[3]Id. at 3, 4.

[4]Id. at 4.

[5]Id.

[6]Id. at 3, 4, 6.

[7]Id. at 4.

court concludes, however, that the Complaint must be dismissed because it is evident that Sanchez did not exhaust administrative remedies before he filed this lawsuit.

## II. Discussion

Sanchez's Complaint is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. See Booth v. Churner, 121 S. Ct. 1819, 1825 (2001); Porter v. Nussle, 122 S. Ct. 983, 988 (2002); Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006); see also Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

It is well established that TDCJ has a formal two-step administrative grievance process. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004); see also Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. See Johnson, 385

F.3d at 515 (citing <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001)).

Sanchez concedes in his Complaint that he did not exhaust all steps of the grievance procedure with respect to his claims before filing this action.[8] The Fifth Circuit has emphasized that "pre-filing exhaustion of prior grievance process is mandatory" and that district courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. <u>Gonzalez v. Seal</u>, 702 F.3d 785, 788 (5th Cir. 2012). Where the face of the complaint makes clear that an inmate has failed to exhaust administrative remedies, a district court may dismiss the complaint without requesting an answer from the defendants. See <u>Dillon v. Rogers</u>, 596 F.3d 260, 272 n.3 (5th Cir. 2010) (noting that <u>sua sponte</u> dismissal is appropriate where "failure to exhaust is apparent on the face of a plaintiff's complaint") (citing <u>Carbe v. Lappin</u>, 492 F.3d 325, 327-28 (5th Cir. 2007)). Because Sanchez failed to exhaust all available administrative remedies before filing suit in federal court, his Complaint must be dismissed for failure to comply with 42 U.S.C. § 1997e(a).

---

[8]Complaint, Docket Entry No. 1, p. 3. On September 13, 2016, Sanchez filed a lengthy submission, which contains several unprocessed Step 1 grievances pertaining to his claims of inadequate medical care. <u>See</u> "Jurisdiction and Venue," Docket Entry No. 12-3, pp. 11-16, 19-28. There are no processed Step 2 grievances, however, and there is no other indication that Sanchez completed both steps of the grievance process before he executed his Complaint on July 27, 2016.

## III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint filed by Ricardo Enrique Sanchez (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, this 23rd day of September, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE